```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 DR. GERALD R. FINKEL, as Chairman of      :
 the Joint Industry Board of the Electrical :
 Industry,                                  :
                                            :     **MEMORANDUM**
                       Plaintiff,           :     **DECISION AND ORDER**
                                            :
          - against -                       :     20-cv-0010 (BMC)
                                            :
                                            :
 FIREQUENCH, INC.,                          :
                                            :
                       Defendant.           :
                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is an action by the representative of various benefit funds under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, 1104, and 1109, seeking to collect delinquent contributions owed to the funds. It is before me on plaintiff's motion for a default judgment. The motion is granted.

## BACKGROUND

According to the complaint and motion for a default judgment, defendant is bound by a collective bargaining agreement entered into between Local 3 of the International Brotherhood of Electrical Workers and an independent association of employers of which defendant is a member. The collective bargaining agreement ("CBA") requires defined contributions based on the trade and geographical jurisdiction of Local 3. The CBA also provides that defendant is bound by the provisions of an ERISA plan and trust agreement between the union and the benefit funds. Finally, the CBA provides for the establishment of a collection policy for delinquent

contributions. That policy allows audits of a participating employer's records to determine how much is owed in fund contributions.

The motion shows that plaintiff (actually, the governing Board of which plaintiff is the Chairman) conducted an audit for the period of January 1, 2015 through December 31, 2018, duly demanded the amounts shown due by the audit, and that defendant ignored the demand. In addition, defendant failed to submit payroll report and contributions for the week ending February 13, 2019, and the period from November 27, 2019 through February 5, 2020. Plaintiff also notified defendant of these delinquencies, and defendant again ignored that demand. The final element of damages is for late payments, which under the terms of the plan or trust, triggers the application of interest charges. Demand for that payment was ignored as well.

The Clerk has entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a).

## DISCUSSION

In light of defendant's default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence…the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and

documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Here, there is no need for a hearing. Plaintiff has submitted the affidavit of the Board's in-house counsel establishing the facts supporting the motion and authenticating the relevant CBA, plan documents, and audit documents. Those documents show the amounts due but unpaid for each of the periods in question as follows: (1) $32,224.70 in delinquent contributions for week ending dates of February 13, 2019 and November 27, 2019 through February 5, 2020, interest of $262.75, and liquidated damages at a rate of twenty percent (20%) of the principal owed totaling $6,448.94; (2) $188.53 in Required Contribution shortages for the unpaid weeks in 2019 and liquidated damages at a rate of twenty percent (20%) of the principal (as provided in the plan documents) totaling $37.71; and (3) delinquent contributions pursuant to the audit of $162,255.03, plus interest of $3,133.97, and liquidated damages at a rate of twenty percent (20%) of the audit principle totaling $32,451.01.

However, plaintiff may not recover late payment interest in the amount of $681.64 on contributions defendant made late. This is not allowed under ERISA. See Finkel v. Triple A Grp., Inc., 708 F. Supp. 2d 277, 283 n.5 (E.D.N.Y. 2010); see also Finkel v. Allstate Elec. Corp., No. 09-cv-4071, 2010 WL 5558899, at *5 (E.D.N.Y. Nov. 24, 2010) ("ERISA does not permit damages for contributions paid prior to filing suit, even when those contributions were untimely paid.") (citation omitted).

In addition, plaintiff seeks recovery of attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2). The hourly rates of its attorneys range from $275 for associate-level work to $350 for partner-level work, and $120 for paralegal work. These rates are firmly within the range of approved

rates for ERISA collection work in this district.  The total amount of time, 21.50 hours, is reasonable and the specific tasks performed are generally allocated to the most appropriate professional.  This makes the total attorneys' fee $5,784.50.  Finally, the costs of $472.60 are also appropriately documented.

## **CONCLUSION**

The motion for a default judgment [11] is granted.  The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $237,022.64 in damages and $6,257.10 in attorneys' fees and costs, for a total of $243,279.74.[*]

**SO ORDERED.**

Dated: Brooklyn, New York  
      March 19, 2020

U.S.D.J.

---

[*] Plaintiff also requests post-judgment interest from date of entry, but that follows as a matter of law and need not be specifically expressed.